UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ISAIAH PRICE, | Case No. 14-10194 |
| Plaintiff, | Gerald E. Rosen |
| v. | United States District Judge |
| JORDAN, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DISMISSAL UNDER RULE 4(m), DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (Dkt. 27)
and MOTION TO APPOINT COUNSEL (Dkt. 39)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights action on January 3, 2014 arising from events occurring while he was housed at the Wayne County Jail. (Dkt. 1). On September 14, 2015, the only defendant who has been served, Angelique[1] Jordan, filed a motion for summary judgment. (Dkt. 27, 28, 29). After failing to file a timely response, the Court ordered plaintiff to show cause why this matter should not be dismissed. (Dkt. 34). Plaintiff filed a response on January 5, 2016. (Dkt. 36). On February 5, 2016, this matter was referred to the undersigned for all pretrial proceedings. (Dkt. 37).

---

[1] Ms. Jordan's first name is identified as "Agelique" in plaintiff's complaint, but her pleading indicated that the correct spelling of her first name is "Angelique." (*See* Dkt. 27).

On May 17, 2016, the undersigned ordered plaintiff to show cause why dismissal should not be recommended under Rule 4(m) as to the unserved defendant Anderson.  (Dkt. 38).  That Order provided that "**[f]ailure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant Anderson should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2.**"  *Id*. (emphasis in original).

For the reasons set forth below, the undersigned **RECOMMENDS** that the unserved defendant Anderson be **DISMISSED** from this matter without prejudice; that defendant Jordan's motion for summary judgment be **GRANTED** and defendant Jordan be dismissed as a defendant from this matter without prejudice, based on plaintiff's failure to exhaust administrative remedies.  Given the foregoing conclusion, plaintiff's motion to appoint counsel should be **DENIED** as moot.

**II.   FACTUAL BACKGROUND**

Plaintiff claims that defendant Jordan, an employee of the Wayne County Jail, stated, in front of other inmates, that plaintiff was a serial rapist, that he was a pedophile, and that he had HIV.  Plaintiff says that Jordan deprived him of his rights under HIPAA, verbally assaulted him, and denied his right to due process.  Plaintiff asks for money damages.

## III. ANALYSIS AND CONCLUSION

### A. Dismissal of Defendant Anderson Under Rule 4(m)

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). It is plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the Court may enter an order dismissing the case for lack of prosecution.

Plaintiff failed to serve the summons and complaint or respond to the Order to Show Cause as to the above-identified defendant after being warned that failure to do so could result in dismissal. (Dkt. 38). Therefore, the undersigned recommends that plaintiff's complaint against defendant Anderson be dismissed without prejudice pursuant to Rule 4(m) and Local Rule 41.2. *See Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.").

B.  Motion for Summary Judgment

1.  Legal Standards

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Brown v. Toombs*, 139 F.3d

4

1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998) (No federal action shall be brought until such administrative remedies as are available are exhausted). In other words, a prisoner may not exhaust administrative remedies during the pendency of the federal lawsuit. *Larkins v. Wilkinson*, 1998 WL 898870, at *2 (6th Cir. Dec. 7, 1998).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable grievance procedures and defendants bear the burden of showing otherwise. *See Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007) (a prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

Here, defendant moved for summary judgment on the issue of whether plaintiff failed to exhaust his administrative remedies under the PLRA. However, as previously stated by a court in this district, summary judgment seems an inappropriate vehicle for adjudication because there is no determination on the merits of the case, and no "judgment" is entered. *See Neal v. Raddatz*, 2012 WL 488827, at *2 (E.D. Mich. Jan. 12, 2012). Instead, a number of courts have characterized a request to dismiss for failure to exhaust administrative remedies as

"subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Id.* (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *see also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies . . . is an unenumerated 12(b) motion. . . ."). Based on the above, the *Raddatz* court determined that regardless of whether the motion is treated as one for summary judgment or as an unenumerated 12(b) motion, the result is the same. *Id.* at 3. If the court grants the motion, the dismissal will be without prejudice and it will not count as a strike under 28 U.S.C. § 1915(g). *Id.* The court concluded, however, that the latter approach, adjudicating the motion as an unenumerated motion under 12(b) was more consistent with the "true nature of the motion."[2] *Id.*

---

[2] The court also noted that there was no reason that the motion could not simply be designated as a "motion to dismiss pursuant to 28 U.S.C. § 1997e(a)."

6

2. Exhaustion of Administrative Remedies

Defendant Jordan explains in her motion that the Wayne County Jail has a grievance process in place for inmates to voice their concerns. (Dkt. 27). All incoming inmates to the Wayne County Jail were provided a copy of the handbook "Inmate Rules & Regulations," which in relevant part describes the process to file a grievance against the Jail. The handbook states:

> GRIEVANCE PROCEDURE
>
> 1. The inmate grievance procedure is available to all inmates in the Wayne County Jail System, regardless of classification status.
>
> 2. Inmates may request a grievance form from any staff member, or may write a grievance on a plain sheet of paper.
>
> 3. Inmates must file a grievance within ten (10) days from the date the alleged incident occurred.
>
> 4. Inmates may submit a grievance to the Social Investigator, a command officer, or any staff member, including the Director of Jails and/or the Sheriff.
>
> 5. A written answer to the grievance will be made within ten (10) working days.
>
> 6. Written appeal may be made to the Director of Jails or his/her designee.
>
> 7. Appeals will be answered in writing within ten (10) working days.

(Dkt. 27, Ex. A, Wayne County Grievance Policy). According to defendant's

7

motion, plaintiff filed three grievances during his confinement in the Wayne County jail, dated September 30, 2012, October 6, 2013, and November 2, 2013. (Dkt. 29, Plaintiff's Grievances). Defendant maintains, however, that plaintiff failed to file any grievance related to the incident or conduct complained of in the instant Complaint. (Dkt. 27, Ex. C, Affidavit of Charles Pappas).

Defendant points out that given the history of grievances filed by plaintiff, he cannot claim ignorance of the process. Thus, according to defendant, his failure to file grievances concerning conditions of confinement defeats the primary purpose of the PLRA, which is to alert prison or jail officials of a particular problem so that they may have an opportunity to remedy the situation. Because this was not done, defendant asserts that this entire action must be dismissed as plaintiff failed to exhaust his administrative remedies as required by the PLRA.

In response, plaintiff does not deny that he failed to exhaust his administrative remedies as to the events that are the subject matter of his complaint. Rather, he says that he could not go through the grievance procedure because of his transfer back to federal prison. (Dkt. 36).

Contrary to plaintiff's response, a "prisoner's subsequent transfer to another prison facility does not relieve him of his obligation to administratively exhaust his claims at the facility where the claims arose." *Mora v. Rios*, 2012 WL 381720 (E.D. Ky. 2012) (citing *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st

8

Cir. 2002) (finding that prisoner's subsequent transfer to another facility did not excuse him from exhausting his administrative remedies); *Wiley v. Boone County Sheriff's Office*, 2009 WL 2390164, at *3 (E.D. Ky. 2009) (same); *Prickett v. Lawson*, 2008 WL 5046063, at *3 (S.D. Ga. 2008) (same); *Sims v. Blot*, 2003 WL 21738766, at *4 (S.D.N.Y. 2003) (same); *Thomas v. Henry*, 2002 WL 922388, at *2 (S.D.N.Y. 2002) (finding that prisoner's transfer from a city jail to a state prison did not relieve him from pursuing grievance procedures). Plaintiff has offered no other explanation or identified any other impediment to his completion of the grievance process. The mere fact of his transfer is simply insufficient to overcome his obligation to exhaust his administrative remedies. *Richardson v. Boyce*, 2009 WL 2406439 (E.D. Tenn. 2009) (The transfer of a prisoner, without more, will not excuse a plaintiff's failure to exhaust his administrative remedies before filing a § 1983 action.) (citing *Ruggiero v. County of Orange*, 467 F.3d 170, 177 (2d Cir. 2006) (transfer from one jail to another does not excuse obligation to exhaust remedies unless new facility has no procedures for filing an administrative grievance)). Thus, the undersigned concludes that plaintiff failed to exhaust his administrative remedies and his claim against defendant Jordan should be dismissed without prejudice. Given the foregoing conclusions, the Court need not consider defendant's alternative argument that plaintiff failed to state a claim on which relief may be granted.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the unserved defendant Anderson be **DISMISSED** from this matter without prejudice; that defendant Jordan's motion for summary judgment be **GRANTED** and defendant Jordan be dismissed as a defendant from this matter without prejudice, based on plaintiff's failure to exhaust administrative remedies. Given the foregoing conclusion, plaintiff's motion to appoint counsel should be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 8, 2016                s/Stephanie Dawkins Davis
                                    Stephanie Dawkins Davis
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Isaiah Price, #352515, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

                                    s/Tammy Hallwood
                                    Case Manager
                                    (810) 341-7887
                                    tammy_hallwood@mied.uscourts.gov